IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
at Martinsburg

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  for the use and benefit of<br>LANTZ CONSTRUCTION CO.<br>OF WINCHESTER, INC.,<br>221 Aviation Drive<br>Winchester, VA 22602<br><br>            Plaintiff,<br><br>  v.<br><br>BERKLEY INSURANCE COMPANY<br>475 Steamboat Road,<br>Greenwich, CT 06830<br><br>Serve on:   CT Corporation System<br>            67 Burnside Ave.,<br>            East Hartford, CT 06108-3408<br><br>            Defendant. | ELECTRONICALLY FILED<br>Nov 27 2019<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br><br>CIVIL ACTION NO.   3:19-CV-201 (Groh) |

**COMPLAINT**

The United States of America, for the use and benefit of Lantz Construction Co. of Winchester, Inc. ("LCW"), by counsel, Tracey A. Rohrbaugh, Matthew D. Elshiaty, and the law firm of Kay Casto & Chaney PLLC, brings this action under the Miller Act for payment due for work performed and accepted on a federal project in Jefferson County, West Virginia. LCW hereby asserts its rights under 40 U.S.C. § 3133, *et seq.* of the Miller Act and, for its Complaint against Berkley Insurance Company, alleges as follows:

## PARTIES

1. Lantz Construction Company of Winchester, Inc. ("LCW") is a Virginia corporation with its principal place of business in Winchester, Frederick County, Virginia, and at all times relevant hereto was properly licensed to do business in West Virginia.

2. Upon information and belief, Berkley Insurance Company ("Berkley") is a Connecticut company, registered to do business in the State of West Virginia, with a principal place of business located at 475 Steamboat Road, Greenwich, Connecticut 06830. Berkley is a bonding company which provides, among other things, surety bonds for construction projects.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to the provisions of the Miller Act, 40 U.S.C. § 3133 *et seq.*, which provides original jurisdiction in the United States District Court for the District in which the contract for the subject work was performed.

4. This Court has personal jurisdiction over Berkley because Berkley is registered to do business in the State of West Virginia and transacted business in West Virginia by issuing a payment bond for the Project (as defined herein).

5. Venue is proper under the Miller Act, 40 U.S.C. § 3133(b)(3)(B), as the work performed by LCW under the Project occurred in Jefferson County, West Virginia, which is within the venue limits of this Court.

## BACKGROUND FACTS

6. Upon information and belief, ARGO Systems, LLC. ("ARGO") entered a certain contract with the United States Department of Veterans Affairs ("VA") to serve as the general contractor for a project known as VAMC – Warehouse & Salt Shed – Martinsburg, WV ("the Project").

7. Upon information and belief, the Contract Number for the Project is VA245-16-C-0041 (the "Prime Contract").

8. As required by 40 U.S.C. § 3131 *et seq.,* ARGO obtained a certain Payment Bond No. 0199803 from Berkley, as surety, securing the payment of labor and material furnished and performed on the Project (the "Payment Bond"). A copy of the Payment Bond is attached hereto as **Exhibit A.**

9. Pursuant to that certain Subcontract Agreement, dated September 9, 2017, ARGO, as prime contractor, engaged LCW, as subcontractor, to perform certain site work at the Project, including the installation of a pre-engineered metal building (as amended, the "Subcontract"). A copy of the Subcontract is attached hereto as **Exhibit B**.

10. The original Contract Price under the Subcontract was $361,300.00.

11. The Subcontract contemplated the possibility of additional work and/or change orders to LCW's scope of work, and, during the course of constructing the Project, LCW's scope of work under the Subcontract was changed, resulting in an increase of the Subcontract Price to $412,329.00. *See* **Exhibit C,** attached hereto.

12. LCW timely and properly completed its work under the Subcontract, as amended, up through December 3, 2018.

13. To date, LCW is owed $41,232.90 in unpaid but earned work under the Subcontract.

14. LCW has demanded payment of the foregoing amount from ARGO for such work; however, the earned but unpaid Subcontract balance as aforesaid remains outstanding.

15. Due to ARGO's failure to pay as aforesaid, on October 3, 2019, LCW submitted a Payment Bond Claim to Berkley, with documentation. A copy of said claim notice is attached as **Exhibit D** (supporting exhibits to claim letter omitted due to length).

16. To date, both ARGO and Berkley have failed and refused to pay LCW its earned Subcontract balance of $41,232.90.

17. Therefore, LCW brings this action on the Payment Bond to recover payment for work performed under the Subcontract at the Project for which LCW has not been paid.

18. Upon information and belief, the VA has paid ARGO for all of the work for which LCW has demanded payment.

19. Upon information and belief, all conditions precedent to the maintenance of this action have been performed.

## COUNT I — MILLER ACT PAYMENT BOND CLAIM
## FAILURE TO PAY SUBCONTRACTOR BALANCE

20. LCW incorporates the allegations in the preceding paragraphs 1 through 19 as if fully set forth herein.

21. The Subcontract is a valid contract to which ARGO agreed, among other things, to pay LCW for work performed at the Project.

22. LCW fully and completely performed its obligations under the Subcontract.

23. LCW is not in default under the Subcontract.

24. ARGO is in breach of the Subcontract for its failure and/or refusal to pay the earned Subcontract balance as aforesaid to LCW.

25. Having furnished materials and labor to the Project for ARGO for which it has not received certain payments as aforesaid, LCW is a proper claimant under the Miller Act and the Payment Bond.

26. LCW is entitled to payment of the unpaid, earned balance of the Subcontract, for the work it performed up through and including December 3, 2018.

27. Berkley, as surety on the Payment Bond, is obligated under the Payment Bond to pay LCW for any unpaid work performed under the Subcontract and is jointly and severally liable with ARGO to pay for such work.

28. Berkley has failed to comply with its obligations under the Payment Bond to pay LCW for the earned portion of the Subcontract work for which ARGO has not paid LCW under the Prime Contract for work at the Project.

29. Berkley's failure to pay LCW on its claim is a breach of the Payment Bond.

30. As ARGO's payment bond surety, Berkley's liability extends to all sums justly due to LCW up to the penal sum of the Payment Bond.

31. Ninety (90) days have elapsed since LCW last performed work for which this claim is made, but less than one year has elapsed since LCW last performed work for which this claim is made.

WHEREFORE, LCW requests that this Honorable Court grant judgment in its favor and against Berkley as follows: (a) monetary damages in the amount of $41,232.90 plus prejudgment and post-judgment interest until paid, all costs, and all fees and expenses herein expended, including, without limitation, attorneys' fees; and (b) such other relief as this Honorable Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Submitted this 27th day of November, 2019.

        UNITED STATES OF AMERICA for the use and benefit of LANTZ CONSTRUCTION CO. OF WINCHESTER, INC.

        By Counsel

        */s/ Tracey A. Rohrbaugh*
        Tracey A. Rohrbaugh (WVSB #6662)
        Kay Casto & Chaney PLLC
        400 Foxcroft Avenue, Suite 100
        Martinsburg, WV 25401
        (304) 901-7502
        *trohrbaugh@kaycasto.com*

        Matthew D. Elshiaty (WVSB #12535)
        Kay Casto & Chaney PLLC
        1085 Van Voorhis Road, Suite 100
        Morgantown, WV 26505
        (304) 225-0970
        *melshiaty@kaycasto.com*